Gary Carson LEWIS et al., Appellants,

v.

GENERAL SERVICES ADMINISTRATION OF the UNITED STATES et al., Appellees.

No. 20284.

United States Court of Appeals Ninth Circuit.

April 24, 1967.

Donald Jay Solomon, San Diego, Cal., for appellants.

Manuel L. Real, U. S. Atty., Richard J. Dauber, Asst. U. S. Atty., Los Angeles, Cal., Edwin L. Weisl, Jr., Asst. Atty. Gen., Roger P. Marquis, Elizabeth Dudley, George Hyde, Attys., Civil (Lands) Division, Department of Justice, Washington, D. C., for appellees.

Before CHAMBERS, JERTBERG and ELY, Circuit Judges.

CHAMBERS, Circuit Judge:

Lewis and others allege they are Indians, or of Indian descent, entitled to allotments of land under applicable statutes and to get them by action under 25 U.S.C. §§ 334 and 345. Also, one of the plaintiffs, a New York Indian, claims under 7 United States Statutes 550.

General Services has acquired under applicable federal statutes surplus lands for disposal which were formerly part of the federal enclave of Camp Elliott, California. General Services proposed (and may have ere now) sold the lands through a public sale on sealed bids.

It appears that the government acquired all the land involved through condemnation proceedings in federal court from private persons, the necessity therefor being military.

Allotments of land to Indians are made by the Secretary of the Interior. The plaintiffs, Lewis, et al., would restrain the General Services Administration from selling the land and affirmatively require it to transfer the land to the Secretary of Interior so he can process their allotment claims thereon.

The district court ruled in favor of the defendants, General Services Administration and others.

■ To succeed, plaintiffs just must qualify under 25 U.S.C. § 334, allotments to Indians not residing on reservations. A mere reading of the section does not expressly put plaintiffs out of court. It refers to available lands as "surveyed or unsurveyed lands of the United States not otherwise appropriated."

■ But we hold that decisional law does reach into the section and that the code section does not apply to lands acquired by condemnation and later turned over to General Services Administration as surplus land.

■ Plaintiffs' (appellants') basic error is using "public lands" in the generic sense. Condemned land acquired by General Services as surplus under Public Law 85–337, 72 Stat. 27, and successive amendments, simply is not land subject to the general land laws such as are covered by mining, homestead and grazing, and Indian allotment acts. 40 U.S.C. § 472(d), as amended, a General Services section, excludes the "public domain" expressly. Furthermore, Public Law 85–337, the basic General Services Act is much later in time than the Indian allotment acts. Plaintiffs make no claim that the military condemned land was not properly transferred to General Services or that Public Law 85–337, is unconstitutional.

In addition to our search of the statutes, our conclusion is buttressed by our reading of Rawson v. United States, 9 Cir., 225 F.2d 855, cert. denied, 350 U.S. 934, 76 S.Ct. 306, 100 L.Ed. 816; Thompson v. United States, 9 Cir., 308 F.2d 628; United States v. Preston, 9 Cir., 352 F.2d 352.

The government contends that the district court had no subject matter jurisdiction to consider the case. (See 25 U.S.C. § 345 under which Indians may establish in court their rights to allotments.) We assume the attack is not on naked power. And here, whether the question is jurisdiction or failure to state a claim, the point is the selfsame one: the land was not subject to Indian allotments.

Judgment affirmed.